UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ZEV ROSENBERG, *pro se*,

              Plaintiff,                           **MEMORANDUM AND ORDER**
                                                                14-CV-185(DLI)(LB)
          -against-

JULIE L. WILLIAMS, Esq., Chief Counsel of the
United States Office of Comptroller of the Currency;
ERIC M. THORSON, Esq., Inspector General of the
United States Treasury Department; and RICHARD
K DELMAR, Esq., Counselor of the Inspector
General of the United States Treasury Department,

              Defendants.
---------------------------------------------------------------X
**DORA L. IRIZARRY, United States District Judge:**

      *Pro se* plaintiff Zev Rosenberg filed the above-captioned complaint and request for mandamus relief on January 8, 2014. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, the complaint is dismissed, with leave to file an amended complaint no later than May 5, 2014.

## **The Complaint**

      The submission is entitled "Complaint for Declaratory Relief in the Nature of Mandamus" and it seeks "declaratory and mandatory relief, authorized by the Declaratory Judgment Act, . . . and the Administrative Procedure Act." (Compl. ¶ 1, Dkt. Entry No. 1.) The named defendants are Julie L. Williams, Chief Counsel of the United States Office of the Comptroller of the Currency ("OCC"); Eric M. Thorson, the Inspector General of the United States Department of the Treasury; and Richard K. Delmar, Counsel to the Inspector General of the United States Department of the Treasury.

Plaintiff states that he is owed money by an unspecified "N.A. bank." (Compl. ¶ 4.) He does not indicate the nature of the entitlement, although he describes it as a "serious financial dispute with the bank." (Compl. ¶ 7.) He alleges: "Subsequent to not receiving the money from the bank, the Plaintiff requested in an application to the Office of Comptroller of the Currency's legal department for it to be adjudicated expeditiously." (*Id.*) He does not identify the type of application. He states further that he is entitled to support in processing the application under the Federal Trade Commission Act and the Legal Services Corporation Act. (Compl. ¶ 11.) Plaintiff alleges that he initially applied "directly to attorneys of Consumer Law at the OCC legal department starting May 26, 2009" and continued to communicate with them through February 14, 2013. (Compl. ¶ 7.) "On January 20, 2012, Plaintiff's counsel started having problems negotiating with one of the OCC attorneys in resolving the problem with the bank." (Compl. ¶ 8.) Plaintiff alleges that, when "this particular OCC attorney refused to communicate with Plaintiff's attorney," his attorney approached defendants Williams, Chief Counsel of OCC, and Thorson and Delmar of the Inspector General's Office of the United States Treasury. (*Id.*) Plaintiff complains that his attorney failed to adjudicate his application to Defendants in a timely fashion, and, thus deprived him of certain benefits. (*Id.*)

Plaintiff does not include any documentation or a case number from the OCC complaint process or indicate whether he received a written response from the OCC or if he pursued any administrative appeals. He nonetheless claims that he "has exhausted all administrative remedies available and has determined that no adequate remedies exist." (Compl. ¶ 9.) He alleges that "Defendants owe Plaintiff the duty to act upon his application processing his requests to assist him [to] receive money owed by an N.A. bank to the Plaintiff and have unreasonably failed to perform that duty." (Compl. ¶ 12.)

**Discussion**

In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, Section 1915(e)(2)(B) of Title 28 of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled in part on other grounds*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555)).

District courts have "original jurisdiction in any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty

owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is an extraordinary remedy that is 'granted only in the exercise of sound discretion.'" *Miller v. French,* 530 U.S. 327, 340 (2000) (citing *Whitehouse v. Illinois Central R. Co.,* 349 U.S. 366, 373 (1955)); *see also Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary,* 93 F.3d 103, 112 (3d Cir. 1996) (noting that the remedy can only be granted "where a legal duty is positively commanded and so plainly prescribed as to be free from doubt"). An applicant must satisfy three conditions before the writ may issue: first, he must have "no other adequate means to attain the relief he desires," second, he must show that his right to the writ is "clear and indisputable," and third, the issuing court must be satisfied that the writ is appropriate under the circumstances. *Stein v. KPMG, LLP*, 486 F.3d 753, 759-60 (2d Cir. 2007) (*citing Cheney v. United States Dist. Court,* 542 U.S. 367, 380-81 (2004)).

The OCC is a bureau within the Department of the Treasury that is charged with "assuring the safety and soundness of, and compliance with laws and regulations, fair access to financial services, and fair treatment of customers by" the national banks. 12 U.S.C. § 1(a). Among other regulatory functions, it provides a mechanism for filing customer complaints against banks regulated by the OCC. *See* http://www.helpwithmybank.gov/complaints/ index-file-a-bank-complaint.html. Complaints are to receive a written response. Thereafter, customers who are dissatisfied with the initial response from the OCC may file an appeal with the OCC's Customer Assistance Group, and, subsequently, with the OCC Ombudsman. *See* http://www.helpwithmybank.gov/complaints/file-appeal/complaints-file-appeal.html.

In this case, plaintiff has failed to show that defendants have failed to perform a plainly-defined and nondiscretionary duty. He states that he filed an application with the OCC's "legal department," but does not state whether he followed the OCC complaint procedure or indicate

4

whether he received the initial written response or pursued agency appeals. He alleges a breakdown in communication between his unidentified counsel and "one of the OCC attorneys," and counsel's subsequent attempt to involve defendants Williams, Thorson, and Delmar. However, plaintiff does not identify any duty owed to him by the unidentified OCC attorney, the Chief Counsel of the OCC, or by any individuals at the Office of the Inspector General of the United States Treasury that would warrant mandamus relief.

To the extent plaintiff believes that he is entitled to review of the agency's decision pursuant to the Administrative Procedure Act ("APA"), he must establish that he has exhausted all available administrative remedies. 5 U.S.C. §§ 702, 704; *Howell v. I.N.S.*, 72 F.3d 288, 291 (2d Cir. 1995) ("[A] party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself.").

In light of plaintiff's *pro se* status, plaintiff is granted leave to amend the complaint to state grounds justifying mandamus relief or review under the APA. He must provide details concerning his bank transaction that underlies his complaint, including the identity of the bank, and the application he filed with the OCC, including any written decisions he has received and subsequent procedural acts.

The Court has considered whether the complaint states any other grounds for relief. Plaintiff cites the Federal Trade Commission Act, ("FTCA") and the Legal Services Corporation Act ("LSCA"). It is unclear how either of these federal statutes would apply to plaintiff's dispute with an unspecified "N.A. bank" or his subsequent application with the OCC. The FTCA created the Federal Trade Commission, which prohibits unfair or deceptive trade practices by persons, partnerships, or corporations. It specifically excludes the regulation of banks, which are regulated by other agencies, including, in the case of national banks, the OCC. 15 U.S.C.

§ 45(a)(2) (excluding banks and savings and loans from the jurisdiction of the Federal Trade Commission); 12 U.S.C. § 1(a) (describing the functions of the OCC). The LSCA established a non-profit government organization, the Legal Services Corporation, and authorized it to distribute funds appropriated by Congress to local grantee organizations "for the purpose of providing financial support for legal assistance in noncriminal proceedings or matters to persons financially unable to afford legal assistance." *Legal Services Corp. v. Velazquez*, 531 U.S. 533, 536 (2001) (quoting 42 U.S.C. § 2996b(a)). Neither statute provides for a private cause of action. *See Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."); *Shahid v. Brooklyn Legal Services Corp.*, 114 Fed. Appx. 35, 36, 2004 WL 2579204, at *1 (2d Cir. 2004) ("[T]he LSC Act does not provide a private right of action.") Accordingly, plaintiff's claims, if made pursuant to the FTCA or the LSCA, fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Moreover, it appears that, even if granted leave to amend his complaint in connection with these claims, such amendment would be futile. Accordingly, plaintiff's FTCA and LSCA claims are dismissed with prejudice.

## Conclusion

Plaintiff's request to proceed *in forma pauperis* is granted. The instant complaint is dismissed without prejudice and with leave to file an amended complaint as set forth above, except that the FTCA and LSCA claims are dismissed with prejudice and plaintiff may not include these claims in the amended complaint. In order for this action to continue, plaintiff must file an amended complaint no later than May 5, 2014. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. For

plaintiff's convenience, a copy of instructions on "How to Amend Your Complaint" is attached. No summonses shall issue at this time, and all further proceedings shall be stayed. If Plaintiff fails to comply with this Order within the time allowed, the complaint will be dismissed with prejudice and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
April 3, 2014

_____/s/_____
DORA L. IRIZARRY
United States District Judge