UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ZEV ROSENBERG, *pro se*,

                Plaintiff,

   -against-

JULIE L. WILLIAMS, Esq., Chief Counsel of the
United States Office of Comptroller of the Currency;
ERIC M. THORSON, Esq., Inspector General of the
United States Treasury Department; and RICHARD
K DELMAR, Esq., Counselor of the Inspector
General of the United States Treasury Department,

                Defendants.
------------------------------------------------------------------X

**SUMMARY ORDER**

14-CV-185 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* plaintiff Zev Rosenberg filed the above-captioned complaint and request for mandamus relief on January 8, 2014. By Order dated April 3, 2014, the Court granted his request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, dismissed the complaint without prejudice, and granted leave to submit an amended complaint by May 5, 2014. To date, plaintiff has not filed an amended complaint. On the day of the deadline, the Court received a motion for its recusal.

The original complaint sought declaratory and mandamus relief and review under the Administrative Procedure Act ("APA"). "To invoke mandamus jurisdiction, a plaintiff bears the heavy burden of showing both that all other avenues of relief have been exhausted and that the defendants have a plainly defined and nondiscretionary duty to perform the act in question. *Caremark Therapeutic Services v. Thompson*, 79 F. App'x 494, 496 (2d Cir. 2003). The APA permits federal court review of a federal agency's decisions only where the plaintiff has exhausted available administrative remedies. 5 U.S.C. §§ 702, 704; *Howell v. I.N.S.*, 72 F.3d 288, 291 (2d Cir. 1995) ("[A] party may not seek federal judicial review of an adverse

administrative determination until the party has first sought all possible relief within the agency itself."). Plaintiff's original Complaint failed to demonstrate that the Office of Comptroller of the Currency owed plaintiff any legal duty or that plaintiff exhausted agency appeals or other remedies. Accordingly, the Court dismissed the Complaint, without prejudice, and granted plaintiff leave to amend his Complaint, no later than May 5, 2014, to assert a basis for the Court's jurisdiction over his claims. To date, plaintiff has not filed an amended complaint.

On May 5, 2014, plaintiff filed a motion for recusal of the undersigned, alleging that "said judge has turned out to be biased and prejudiced with the conspicuous intent to deprive me of due process." (Mot., Dkt. Entry No. 7, at 1.) As evidence of the alleged bias, plaintiff asserts that the April 3, 2014 Order contained "very aggressive and alarming terms and conditions about getting the case started after approval for IFP status," including the requirement that the Complaint be amended within 30 days. (*Id.*)

Section 455(a) of title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Second Circuit has stated that, in evaluating a motion for recusal, the court must ask the following question: "[w]ould a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Amico,* 486 F.3d 764, 775 (2d Cir. 2007) (internal citations omitted).

Plaintiff's motion for recusal is denied. No reasonable person, knowing all the facts – the requirement for federal subject matter jurisdiction, the requirements for mandamus relief and review under the APA, and the Court's dismissal without prejudice while granting leave to

2

amend his complaint in the typical 30-day time-span – would doubt the impartiality of the undersigned.

Plaintiff's original Complaint did not assert any basis for federal question jurisdiction or any grounds for mandamus relief. No federal court may hear a case over which it does not have jurisdiction. Moreover, plaintiff failed to avail himself of the opportunity to amend the Complaint to state grounds for mandamus relief or review under the APA that he was granted by the Court. The Complaint is dismissed for lack of jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 6, 2014

_____/s/_____
DORA L. IRIZARRY
United States District Judge